IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ERIKA GUTIERREZ and**
**DELLA DUTCHOVER,**

      **Plaintiffs,**

v.   No. 2:25-cv-00877-DLM-JHR

**SHARKNINJA OPERATING, LLC,**

      **Defendant.**

### ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Plaintiffs' Complaint. [Doc. 1]. Plaintiffs Erika Gutierrez and Della Dutchover initiated this action on September 9, 2025, citing diversity jurisdiction. [Doc. 1, at 1, 3]. Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiffs who file in federal court bear the burden of proving jurisdiction by a preponderance of the evidence. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). Failing to carry that burden will result in dismissal. *U.S. for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995).

Here, the Complaint alleges that Defendant Sharkninja Operating, LLC is "a Massachusetts limited liability corporation incorporated in the Cayman Islands and has a principal place of business located [in Massachusetts]." [Doc. 1, at 1]. However limited liability companies share the citizenship of each state of which any of its members are citizens. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Even if a limited liability company has certain features or treatment under applicable law that make it appear more corporate-like, only "corporations,

in the *traditional understanding* of that word," will have a distinct citizenship from their members for purposes of diversity jurisdiction. *Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1324 (10th Cir. 2016) (quoting *Siloam Springs Hotel*, 781 F.3d at 1237) (emphasis in original). And if any members are themselves limited liability companies, the court must pierce through "however many layers" of membership it takes to reach all composing natural persons or corporations. *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc*., 125 F.4th 1000, 1009 (10th Cir. 2025) (internal quotation omitted)

Plaintiffs allege that Defendant Sharkninja is a limited liability corporation but fails to affirmatively allege the citizenship of *all* its members. The Court finds the allegations insufficient to establish the citizenship of Sharkninja, and thus the Complaint does not adequately establish that the Court has subject matter jurisdiction over this lawsuit. **IT IS THEREFORE ORDERED** that Plaintiffs shall file an amended Complaint to properly allege facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Federal Rule of Civil Procedure 11, no later than **seven (7) days** after the issuance of this order. **IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this order, the Court may dismiss this lawsuit for lack of jurisdiction.

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge